Robinson, J.,
dissenting. By Section 710-2, General Code, the legislature has defined the subject-matter, the soliciting, receiving or accepting of which on deposit constitutes banking, as “money or its equivalent.”
That liberty bonds are not money must be and is conceded. The equivalent of money is that which may readily be exchanged for money at par, such as drafts, checks, bills of exchange, money orders and the like.
Liberty bonds at the time this suit was instituted and heard could not be readily exchanged for money at par. They were not the equivalent of money by any definition extant prior to the pronouncement of this court in this case.
I heartily agree with the majority in the wisdom of placing enterprises such as that in which the plaintiff in error is engaged under the supervision of the state banking department, or some other supervising department, to the end that depositors therewith may be safeguarded, and were I acting as a legislator would support such a measure, but the judiciary is clothed with no legislative power and I am unwilling to appropriate to the courts that which the constitution has vested elsewhere, even though there exists no higher tribunal who may stay my hand.
In the long run the state will be better served by the courts performing their function within the power conferred, trusting to the wisdom of the legislature for needed legislation.
For this reason and this reason only I dissent from the judgment of the majority.